# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

UNITED STATES OF AMERICA

v.

MICHAEL ARLINE

Case No:  8:03-cr-288-T-23MAP
USM No:  41279-018

Date Previous Judgment Signed: November 2, 2004         Defendant's Attorney: N/A

## Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

The defendant moves (Doc. 695, 722, 724) under 18 U.S.C. § 3582(c)(2) for a hearing and a reduction of the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Having considered the motion and the United States' response (Doc. 723),

**IT IS ORDERED** that the motion is:
- [x] **DENIED.**
- [ ] GRANTED and the defendant's previously imposed term of imprisonment **IS REDUCED TO**

### I. COURT DETERMINATION OF GUIDELINE RANGE (prior to any departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 39 | Amended Offense Level: | N/A |
| Criminal History Category: | VI | Criminal History Category: | _ |
| Previous Guideline Range: | 360 months to Life | Amended Guideline Range: | to months |

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE
- [ ] The reduced sentence is within the amended guideline range.
- [ ] The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
- [ ] Other (explain):

### III. ADDITIONAL COMMENTS

At Arline's sentencing, the crack cocaine threshold for Offense Level 38 (OL 38) of the United States Sentencing Guidelines' drug quantity table was 1.5 kilograms. Recent amendments lower by two levels, to OL 36, the level for an offense involving at least 1.5 kilograms but less than 4.5 kilograms of crack. OL 38's threshold was increased to 4.5 kilograms. The United States and the defendant, through the Federal Public Defender, addressed the applicability of these amendments to the defendant.

Citing United States v. Schaefer, 8:03-cr-302-T-26TBM (M.D. Fla. March 16, 2009), United States v. Cooper, 8:98-cr-22-T-26EAJ (M.D. Fla. August 8, 2008), and United States v. Graham, 5:97-cr-34-OC-10GRJ (M.D. Fla. August 5, 2008), Arline argues that the court may grant a two-level departure because the presentence report's offense level computation section states only that "the defendant was involved in the distribution of well in excess of 1.5 kilograms of cocaine base" and that "there was no specific finding by the judge at sentencing of any quantity, except to state that Mr. Arline was charged by indictment "with conspiracy to possess with the intent to distribute fifty grams or more of cocaine."

Unlike at Arline's sentencing hearing, at the sentencing hearings in the cited cases, the offense level was based vaguely on "more than 1.5 kilograms of crack." However, at Arline's sentencing neither party questioned the presentence reports description of Arline's having supplied "between 5-15 kilograms of cocaine to Melvoisin, **most** of which was processed into crack cocaine," and that Arline would "cook [the powder] into crack using one of two methods: 'tension,' in which the powder was increased by 50%

into crack; and 'blow up,' in which the powder was almost doubled into crack." (PSR ¶ 27). Specifically, at page 13 of the sentencing transcript referring to paragraph 11 of the PSR, defense counsel states, "There was an occasion where [Arline] did get 11 kilograms of cocaine, but on this occasion it was four to five kilograms of cocaine." At page 21 of the sentencing transcript referring to paragraph 48 of the PSR, defense counsel states "Mr. Arline conceivably over the whole course of things did cook [eight to nine kilograms of cocaine], but I don't think it is even conceivable that in one day you could cook eight to nine kilograms of cocaine." At page 23 of the sentencing transcript, defense counsel states, we are not objecting to any determination of the quantity of drugs." As noted in the United States' response, "the determination of drug quantity simply was not an issue at sentencing because the defendant was a leader in a drug conspiracy that involved the distribution of many kilograms of powder and crack cocaine."

Unlike the cases cited, the transcript of Arline's sentencing unambiguously and unequivocally evidences the parties' and the court's understanding that the defendant was responsible for well over the threshold of OL 38--4.5 kilograms of crack cocaine. There is no reading of the sentencing transcript that could support a finding that Arline is not correctly situated at OL 38.

Alternatively, Arline seeks a reduction citing United States v. Booker, 543 U.S. 220, 125 S. Ct. 788 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007). However, United States v. Melvin, 556, F.3d 1190 (11th Cir. 2009), finds that Booker and Kimbrough "do not apply to § 3582(c)(2) proceedings, [and that] a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission."

Section 1B1.10(a)(2)(B) provides that a reduction in sentence is "not consistent with this policy statement and therefore is not authorized . . . under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." Because at sentencing Arline was held responsible for distributing well in excess of 4.5 kilograms of crack, his offense level remains at level 38. Because the offense level is unchanged, the guideline range is unchanged.

All provisions of the judgment signed November 2, 2004, as amended by the August 12, 2008, order granting a Rule 35 motion for reduction of sentence, remain in effect.

ORDERED in Tampa, Florida, on March 31st, 2009.

Effective Date: _____
(if different from order date)

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE